McPHERSON et al. v. GARBUTT et al.*

Court of Appeal, First District; March 13, 1907.

89 Pac. 991.

**Quieting Title—Evidence—Sufficiency to Support Finding.**—In an action to determine the rights of the parties in certain land in which plaintiff prayed that she be declared the equitable owner of a one-sixth interest therein on certain payments being made by her, evidence examined, and held sufficient to support the finding of the court, except in regard to credit given plaintiff for a certain sum.

APPEAL from Superior Court, Santa Clara County; M. H. Hyland, Judge.

Action by S. W. McPherson, as administratrix, and others, against Frank A. Garbutt and others. From a judgment for defendants, plaintiffs appeal. Modified and affirmed.

Houx & Barrett for appellants; J. L. Murphy for respondents.

KERRIGAN, J.—This is an action by which the plaintiff in part prayed that the nature of the interest of the defendants in certain land be declared; that she be decreed the equitable owner of an undivided one-sixth interest therein upon certain payments being made by her at a time to be fixed by the court; that the property be sold, and one-sixth of the proceeds, less the amount due from her to Garbutt, be paid to her. The case was tried by the court sitting without a jury, and in accordance with the prayer of the answer it was adjudged that the plaintiff had no interest whatever in the land described in the complaint; that title to it was in

---

*Rehearing denied by supreme court May 9, 1907.

the Moody Gulch Oil Company (hereinafter called the M. G. Co.). The defendant Garbutt, in addition to other matters set forth in the answer, counterclaimed against the plaintiff for the amount due him on her three certain promissory notes, with interest, costs, and the sum of $12.81, an expense incurred by him for her; upon which claim judgment was rendered in his favor for $1,068.57. The appeal is from an order denying plaintiff's motion for a new trial upon the grounds that the decision is against law, insufficiency of the evidence, and errors of law. The principal ground relied upon is the insufficiency of the evidence to support the findings.

The facts of the case are somewhat involved. Briefly, they are as follows: Prior to April 16, 1900, the appellant's intestate, Mrs. Walker, and the defendant Sorey, owned a majority of the stock in the Golden Gate Oil and Development Company (hereinafter called the G. G. Co.), which company had a lease for ten years on two hundred acres of land in Santa Clara county owned by D. B. Moody. After some negotiations by Mrs. Walker, Sorey, and Garbutt, on April 16, 1900, they made an agreement which, in substance, was as follows: (1) It provided for the organization of a corporation known as the "Moody Gulch Oil Company," in which each was to subscribe for one-third of the capital stock. In payment for the stock, Mrs. Walker and Sorey were to transfer sixteen thousand six hundred and twenty-five shares of stock in the G. G. Co. fully paid, and Garbutt was to pay into the treasury of the new company $4,000 in cash. (2) Mrs. Walker and Sorey represented that the outstanding indebtedness of the G. G. Co. did not exceed $1,000. (3) Mrs. Walker was to obtain an option from Moody to purchase the Moody land at a price not to exceed $7,300; the option and purchase to be in the name of Garbutt. (4) At the completion of the organization of the M. G. Co., and on payment for the subscribed stock therein, as above mentioned, Garbutt was to purchase from Mrs. Walker one-half of her stock (one-sixth of the subscribed stock) in the M. G. Co., and to pay therefor $2,000. (5) Mrs. Walker was to buy a one-sixth interest from Garbutt in the Moody land for the sum of $1,216.66, plus one-sixth of the expense of making the purchase. Five hundred dollars was to be paid June 16, 1900; the balance in two equal payments at ninety and one hundred and twenty days, with interest on deferred payments

at six per cent per annum. (6) Upon payment of these amounts by Mrs. Walker, she and Garbutt were to transfer their interests in the land to the M. G. Co., taking pay therefor either in money or stock in said company at its option; but, if Mrs. Walker defaulted in any of her payments, then Garbutt was to be released of all liability to convey any interest in the land to her or the company.

Another agreement was made April 18, 1900, by Mrs. Walker and Garbutt, which, after stating that Garbutt had agreed to purchase the Moody land for $8,000, provided substantially: (1) That by reason of certain desires Mrs. Walker was to make such payments, and rebates in her commission for making the sale, as would make the price paid by Garbutt for the land not to exceed $7,300. (2) That she was to purchase a one-sixth interest therein from Garbutt, paying therefor the sum specified in the agreement of April 16th (to which reference has been made above) at the times therein set forth. These amounts were to be evidenced by three promissory notes, and as security for the payment of these notes she was to give Garbutt her stock in the M. G. Co. (3) In case of default in the payment of any of her notes, Garbutt, at his option, might return her notes, together with the stock securing them, and terminate the interest of Mrs. Walker in the land. (4) If she carried out her contract, then, at the option of Garbutt, she was to join with him and others in transferring the land to the M. G. Co., taking payment for the same at cost price, either in cash or stock at the par value thereof at the company's option.

On April 16, 1900, Garbutt and Sorey made an agreement by which, upon payment of $1,216.66 (one-sixth of the cost of the land), they and others would transfer the land to the M. G. Co., on payment to them by the company of the cost of said land either in money or stock, etc. It is unnecessary to summarize the contents of this contract. April 23, 1900, Mrs Walker executed her notes to Garbutt, and thereafter delivered seventy shares of the M. G. Co. stock as security for the payment thereof. In May, 1900, the sale of the land from Moody to Garbutt was consummated. Moody received from Garbutt $7,300 in cash, a note from Mrs. Walker for $300 and a waiver by her of $400, which Moody had agreed to pay her as commission for making the sale. November 30th an option to purchase for $28,000 the

Moody land and other interests was given to C. C. Blair. The only payment made by Mrs. Walker was $250 on account of her note for $500, which became due June 16, 1900. After a number of requests for payment of the balance due from her, on December 3, 1900, Garbutt, through his agent, Neumaber, handed Mrs. Walker a letter dated November 30, 1900, signed by Garbutt, which purported to terminate any and all interest that she might have in the Moody land under their contract of April 18th. Together with this letter were her notes, her seventy shares of stock of the M. G. Co., and an unsigned document for her signature, which in effect was a receipt for the notes and stock, and a release of Garbutt from his obligations to her under the contract of April 18th. December 4, 1900, Mrs. Walker returned the notes, security, and the document unsigned to Neumaber, together with a letter offering to pay the amount remaining unpaid on her notes, and one-sixth of the expenses of making the purchase of the Moody land. On December 7th Garbutt replied to her letter of the 4th, saying: "I am willing, however, to forego my strict legal rights in the matter, provided you make the payments offered by you in your letter of December 4th and otherwise perform your portion of said agreement of April 18th, 1900, on or before 3 o'clock P. M. of Wednesday, December 12th. The amount of the expenses of purchase is $76.90, of which your one-sixth would be $12.81. You have the notes in your possession and can readily compute their present value. I am writing Mr. Neumaber today of 232 California street, your city, to accept these payments under the above conditions on my behalf, provided that, at the same time, you join with Moody Gulch Oil Company, in accordance with paragraph fourth of our agreement of April 18, 1900. On the execution of which deed the Moody Gulch Oil Company will make payment for said property as provided in the above contract." December 11th, in reply to this letter, she informed Garbutt that she had commenced this suit on December 8th, and, among other things, said: "When you present me a deed duly executed by you and your wife and all parties having an interest in said land . . . . necessary to convey me a good . . . . title to one-sixth of said land, or present a deed executed by you, your wife and other parties, sufficient to vest . . . . title in the M. G. Co., when I execute said

deed I will concurrently pay the balance remaining unpaid on my said notes and one-sixth of expense of purchase, and concurrently join with you . . . . in transferring said land to the M. G. Co., taking payment for the same . . . . as provided in the contract of April 18, 1900.''

Subsequently, a deed conveying to the M. G. Co. the Moody land, signed by Garbutt and his wife, was handed to Mrs. Walker, with a request that she also sign the deed, and at the same time she was tendered twelve and three hundredths shares of stock in the M. G. Co. She refused to sign the deed, claiming that others held interests in the land, and until their signatures were obtained to the deed she would not execute it; and she also insisted that the land had cost her one-sixth of the $7,300 paid by Garbutt, to wit, $1,216.66, $12.81 expense of purchase, $40 interest, $300 paid to Moody, and $400 commission, making a total of $1,970, and that she was therefore entitled to nineteen and seven hundredths shares of stock in the company. On January 1, 1901, Garbutt, for himself and for Mrs. Walker, acting under the power given him in the contract of April 18th, executed a deed of the land in question to the M. G. Co. The court, after trial, upon evidence sufficient, found in part: That plaintiff had failed to perform the conditions of the agreement of April 18, 1900, on her part to be performed; that prior to the commencement of this action she was indebted to Garbutt in the sum of $1,068.75; that the purpose of the agreements of April 16 and 18, 1900, was not that plaintiff should have an undivided one-sixth interest in said land for her separate use and benefit, but it was the purpose of those agreements that the land when purchased should be conveyed to the M. G. Co.; that defendants Garbutt and Sorey, January 1, 1901, conveyed to the M. G. Co. the Moody land; that Garbutt executed the deed in his own name, and for and in the name of plaintiff as her attorney in fact; that he was empowered to so act for her by the contract of April 18th. The court further found that prior to that conveyance to the M. G. Co., and on or about December 4, 1900, the M. G. Co. demanded of plaintiff and Garbutt that they convey the land to it, and offered to pay to plaintiff one-sixth of the cost price of said land and one-sixth of the expenses incurred in obtaining it, in all amounting to $1,229.47, in fully paid-up stock of said company; that plaintiff refused

to accept said stock; that plaintiff's offer on December 4th to perform her part of the contract was made in bad faith.

It would serve no useful purpose to take up and pass upon each of the points discussed in the briefs. Findings were made on all the material issues presented by the pleadings. Those just referred to meet nearly all of the contentions of appellant. Other points made are covered by other findings, and all the findings are based on ample evidence, except that the evidence does not disclose that plaintiff was given credit for $133.41 paid Garbutt by the G. G. Co. at her request. There is no other point made by appellant that requires notice.

The judgment in favor of Garbutt against appellant is directed modified by deducting therefrom $133.41. In all other respects the judgment and order appealed from are affirmed.

We concur: Cooper, P. J.; Hall, J.